**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MONARCH MINERALS, LLC,<br>on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OVINTIV INC. and OVINTIV USA INC.,<br><br>Defendants. | Case No. _____________<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Monarch Minerals, LLC, on behalf of itself and all others similarly situated, brings this Class Action Complaint against Ovintiv Inc. and Ovintiv USA Inc. (collectively, "Ovintiv"), and alleges and states:

## SUMMARY OF ACTION

1. Plaintiff brings these claims against Ovintiv concerning Ovintiv's actual, knowing, and willful underpayment or non-payment of royalties on natural gas and constituent products, including natural gas liquids, through improper accounting methods and by failing to account for and pay royalties as required by the applicable agreements and Oklahoma law, as more fully described below.

## PARTIES

2. Plaintiff Monarch Minerals, LLC is a limited liability company organized under Oklahoma law with a principal place of business in Oklahoma.

3. Defendant Ovintiv Inc. is a corporation organized under Delaware law with its principal place of business in Colorado.

4. Defendant Ovintiv USA Inc. is a corporation organized under Delaware law with its principal place of business in Colorado.

5. Prior to the April 2026 sale of its Oklahoma assets, and at all relevant times as alleged herein, Ovintiv was in the business of producing and marketing natural gas and constituent products, including natural gas liquids, from oil-and-gas wells in Oklahoma in which the Class members hold royalty interests.

6. The acts charged in this Complaint as having been done by Ovintiv were authorized, ordered, or done by its officers, agents, affiliates, employees, or representatives, while actively engaged in the conduct or management of Ovintiv's business or affairs, and within the scope of their employment or agency with Ovintiv.

## JURISDICTION & VENUE

7. The preceding allegations are incorporated by reference.

8. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000; the members of the Class number over 100 aggregate members; and minimal diversity exists because Plaintiff is a citizen of Oklahoma and Defendants are citizens of Colorado and Delaware. Further, minimal diversity exists because members of the Class are citizens of state other than Colorado and Delaware, meaning the members of the Class are citizens of different states than Defendants.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of this action is situated in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

10. The preceding allegations are incorporated by reference.

11. Monarch owns royalty interests in several Ovintiv-operated wells in Oklahoma.

12. For example, Monarch owns royalty interests in the Lohmeyer 1H-26X, Lohmeyer 1708 2H-26X, and Lohmeyer 1708 3H-26X wells in Kingfisher County under an oil-and-gas lease dated April 14, 1980, attached as Exhibit 1.

13. Monarch's lease requires that Ovintiv, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas of whatsoever nature or kind (with all of its constituents) produced and sold or used off the leased premises, or used in the manufacture of products therefrom, one-eighth (1/8) of the gross proceeds received for the gas sold, used off the premises or in the manufacture of products therefrom, but in no event more than one-eighth (1/8) of the actual amount received by the lessee, said payments to be made monthly.

14. Under Oklahoma law, Monarch's lease imposes the implied duty to market (the "IDM") upon Ovintiv.

15. Oklahoma's IDM requires Ovintiv to "provide a marketable product available to market", including for natural gas and its constituents. *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK ¶ 20, 954 P.2d 1203, 1208.

16. This means that Ovintiv is precluded from passing along to royalty owners, like Plaintiff, any costs incurred in transforming raw gas and its constituents, including natural gas liquids, into a marketable product.

17. Because raw or unprocessed gas must typically undergo certain field processes—such as gathering, compressing dehydrating, treating, and processing ("GCDTP"), including transportation, fractionation, and storage ("TF&S") of raw mixed natural gas liquids into marketable products—to make the gas and its constituents marketable products, lessees and operators, like Ovintiv, bear the costs associated with performing such GCDTP and TF&S services.

18. Royalty owners whose leases contain the IDM, like Plaintiff, bear no responsibility for the cost of GCDTP and TF&S services required to place natural gas and its constituents in marketable form.

19. The IDM applies unless an oil-and-gas lease expressly says otherwise.

20. By statute, the IDM also applies equally to Ovintiv's payments to any "force-pooled" owners of unleased royalty interests in any Oklahoma well. *See* 52 O.S. § 87.1(e).

21. If a lessee, like Ovintiv, wants royalty owners to share in the costs of GCDTP and TF&S services, that can be spelled out in the oil-and-gas lease. *Wood v. TXO Prod. Corp.*, 1992 OK 100, ¶ 11, 854 P.2d 880, 883.

22. Some leases *do* expressly spell out by name certain GCDTP and TF&S services that are allowed to be deducted from royalty—these leases are called express-deduction ("ED") leases. Other leases expressly state that a lessee *cannot* take deductions,

which are known as express-no-deduction ("END") leases. Plaintiff's proposed class includes IDM and END leases and excludes ED leases.

23. Despite the IDM's requirements and the terms of Plaintiff's lease, Ovintiv has deducted GCDTP and TF&S services from Plaintiff's royalty payments.

24. Ovintiv has deducted GCDTP and TF&S services costs, sometimes in-kind, by adjusting or failing to pay on the full volume, price, or value of the gas and its constituents, including natural gas liquids. These adjustments do not appear on Plaintiff's check stubs.

25. In addition to the terms of the oil-and-gas leases, OKLA. STAT. tit. 52, § 570.10(C)(4) imposes upon Ovintiv a duty to properly pay royalty and if Ovintiv causes royalty to be paid incorrectly to royalty owners (like Plaintiff), Ovintiv (as operator) is responsible for the underpaid royalty. ("Where royalty proceeds are paid incorrectly as a result of an error or omission, the party whose error or omission caused the incorrect royalty payments shall be liable for the additional royalty proceeds on such production and all resulting costs or damages by the party making the incorrect payment.").

26. Ovintiv's improper royalty payment practices have been applied to Plaintiff and the members of the Class.

**CLASS ACTION ALLEGATIONS**

27. The preceding allegations are incorporated by reference.

28. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> **Class:** All non-excluded persons or entities who are royalty owners in Oklahoma oil-and-gas wells where Defendants (including their affiliated predecessors and affiliated successors) were the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from May 1, 2021, to April 7, 2026. The Class claims relate to or arise from royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).
>
> Excluded from the Class are: (1) Defendants, their affiliates, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (4) persons or entities whose leases expressly authorize the deduction of the costs of gathering, compression, dehydration, treating, processing, transportation, and/or fractionation.

29. Absent Class members who have been underpaid royalty on gas and its constituents number in the thousands. Ovintiv operated hundreds of oil-and-gas wells in Oklahoma, with at least one royalty owner (and usually more) in each well. Thus, the Class is so numerous that joinder of all members is impracticable.

30. The questions of fact and law common to the Class include, but are not limited to:

a. Whether the Class oil-and-gas leases impose the IDM under Oklahoma law;

b. Whether Ovintiv breached the IDM by deducting GCDTP and TF&S services or by underpaying royalty as a result of GCDTP and TF&S services;

c. Whether Ovintiv's failure to properly pay royalty to the Class imposes liability on Ovintiv under OKLA. STAT. tit. 52, § 570.10(C)(4);

d. Whether Ovintiv is obligated to pay 12 percent compound interest on the underpaid royalty under Oklahoma statute.

31. Plaintiff's claims are typical of the Class because each Class member has a similar cause of action.

32. Ovintiv treated Plaintiff and the Class members in the same way by failing to pay the required royalty on gas and its constituents using a common accounting methodology.

33. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

34. The averments of fact and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

b. To Plaintiff's knowledge, there is not a certified class with the same scope of Class membership sought in this Complaint against Ovintiv relating to its failure to properly pay royalty on gas and its constituents as required by law;

c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on

behalf of each and every Class members—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Ovintiv, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Ovintiv.

## CAUSES OF ACTION

### I. Breach of Contract

36. The preceding allegations are incorporated by reference.

37. Plaintiff brings this cause of action on behalf of itself and the Class.

38. Plaintiff and the other Class members are parties to written, fully executed, oil-and-gas leases.

39. The Class leases impose the IDM on Ovintiv with regard to payment of royalty on gas and its constituents.

40. Ovintiv breached the terms of Plaintiff's and the Class leases by its actions in underpaying royalty or not paying royalty on all products sold from the gas stream, including as a result of GCDTP and TF&S services.

41. As a result of Ovintiv's breaches, Plaintiff and the Class members have been damaged through underpayment of the actual amounts due.

42. Plaintiff and the Class members are entitled to the actual damages caused by Ovintiv's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

## II. Unjust Enrichment

43. The preceding allegations are incorporated by reference.

44. Plaintiff and the other Class members have been damaged, and Ovintiv has been unjustly enriched, as a result of Ovintiv's royalty underpayment practices.

45. By statute, the IDM also applies equally to Ovintiv's payments to any "force-pooled" owners of unleased royalty interests in any Oklahoma well. *See* 52 O.S. § 87.1(e) ("[E]ach owner shall be considered a lessor, subject to the judicially recognized implied covenant to market found to exist by the courts of this state in oil and gas leases covering lands located in this state …").

46. No relevant distinction exists between the IDM that arises from a lease and the IDM that arises from this Oklahoma statute. Force-pooled royalty owner Class Members have been damaged in the same way by the same breach of the same duty (the IDM) as leased Class Members. There is no adequate remedy at law available for such Class Members to recover damages due for Ovintiv's systematic breach of the IDM.

47. Ovintiv has been unjustly enriched by and benefitted from the use of money that rightfully should have been paid as royalty to Plaintiff and other Class members, including all force-pooled royalty owners in Oklahoma wells.

48. Plaintiff and the Class members are entitled to such funds from Ovintiv, in addition to statutory interest, disgorgement of ill-gotten profits and other allowable damages imposed by Oklahoma law, including punitive damages, as a result of Ovintiv's unjust enrichment. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

## III. Violation of the Production Revenue Standards Act

49. The preceding allegations are incorporated by reference.

50. Under OKLA. STAT. tit. 52, § 570.10(C)(4), Ovintiv, as operator remitting royalty, is liable for royalties that are paid incorrectly to Plaintiff and the Class, including compound interest under the PRSA at 12%. OKLA. STAT. tit. 52, § 570.10(D)(1).

51. Ovintiv has failed to properly remit royalties to the Class, and with actual, knowing, and willful intent to deceive and deprive Plaintiff and the Class of both proceeds and interest knowing that Plaintiff and the Class were legally entitled thereto. OKLA. STAT. tit. 52, § 903.

52. Ovintiv acted with reckless disregard and/or intentionally and with malice in underpaying royalty proceeds to Plaintiff and the Class.

53. Plaintiff and the Class members are entitled to the actual damages caused by Ovintiv's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages in the amount of actual damages or double actual damages. OKLA. STAT. tit. 23, § 9.1 *et seq*.

## JURY DEMAND

54. Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Ovintiv to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Ovintiv's breaches and unlawful conduct, including, without limitation, compound interest under Oklahoma law;

3. An order requiring Ovintiv to properly pay royalty to Plaintiff and the Class in the future, as required by law;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Ovintiv's wrongful acts, as alleged in this Complaint;

5. An order requiring Ovintiv to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Dated: June 12, 2026

Respectfully submitted,

*/s/ Scott B. Goodger*
Rex A. Sharp, OBA #11990
Scott B. Goodger, OBA #34476
Hammons P. Hepner, OBA #34680
**SHARP LAW, LLP**
4820 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0505
rsharp@midwest-law.com
sgoodger@midwest-law.com
hhepner@midwest-law.com

***Attorneys for Plaintiff and the Proposed Class***